IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| J&JB TIMBERLANDS, LLC, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.   14-cv-01318-SMY-PMF |
| | ) |
| WOOLSEY ENERGY II, LLC et al., | ) |
| | ) |
| **Defendants.** | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for sanctions (Doc. No. 37).  Although the motion is titled as a Rule 37 motion, plaintiff J&JB Timberlands, LLC asks the Court to use its inherent authority to punish defendants Woolsey Energy II, LLC and Woolsey Operating Company, LLC for failing to preserve discoverable potential electronic evidence stored on Ryan Kelley's laptop. Plaintiff suggests that a defendant deleted files from the laptop in August, 2015, and subsequently ran a "shredder" program to ensure that the deleted items could not be retrieved.   Plaintiff seeks an order striking defendants' pleadings and court supervision.   The motion is opposed on the basis that email was accidently removed by Kelley when he attempted to clean up his laptop in early 2015, and that most of the removed information was recovered and produced in November, 2015 (Doc. No. 39).

### I.   Legal Standard

The Court has inherent power to assess attorney fees and impose sanctions for bad-faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51(1991).  Sanctions for spoliation are appropriate when (1) there was a duty to preserve the specific documents, (2) the duty was

breached, (3) the plaintiff was harmed by the breach, and (4) the breach was the result of willfulness, bad faith, or fault. Id. The Court then considerers the prejudice suffered in fashioning an appropriate sanction. *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992).

## II.     Background

This litigation was filed in October, 2014, and pertains to an effort by the defendants to prospect for petroleum resources underlying plaintiff's property via a 3-D geophysical seismic survey between February and April, 2014. At the time, Tim Burton was the managing member of the plaintiff corporation. Some communications were sent to Mr. Burton by Ryan Kelley on behalf of Woolsey Energy II, LLC (Doc. No. 2-1, p. 10). Marc Woolsey is the IT administrator for Woolsey Operating Company, LLC. This dispute pertains to email to/from Ryan Kelley in 2014.

Plaintiff's version of the events is based on a report generated by a forensic analyst for Mayer Networks. The report is undated, unsigned, and does not reveal the identity, knowledge, skill, or training of the analyst. While portions of the report are somewhat helpful, some of the analyst's opinions and conclusions appear to be based on supposition and conjecture rather than analysis or deduction (Doc. No. 37-1).

Defendants' version of events is supported by affidavits and a report generated by Mallery Technical Training and Consulting, Inc. The Court finds the Mallery report to be more credible, as it is based on a more expansive examination (of data on the Kelley laptop and an external hard drive) and the analyst, John R. Mallery, has the credentials to form the opinions expressed.

In April, 2015, plaintiff served written discovery seeking, in part, electronic

correspondence regarding the geophysical surveys on lands owned by plaintiff. At some point, Kelley tried, without success, to retrieve the email for discovery responses.

In May, 2015, Marc Woolsey examined Kelley's laptop and formed the impression that Kelley had moved 2014 emails into an Outlook folder named "2014." He thought Kelley had taken certain steps and by doing so, had unintentionally overwritten a .PST file. Marc Woolsey checked the corporation's back up system and formed the impression that the email folder had been overwritten there and could not be retrieved. Marc Woolsey drafted a letter for counsel which was exchanged in discovery, indicating that the email folder had been deleted unintentionally and could not be recovered.

At some point, Marc Woolsey accessed Kelley's laptop, began a scan, and may have installed a Windows update.

Marc Woolsey accessed Kelley's laptop again on August 17, 2015. He deleted the VPN login key, ran Windows updates, and ran a "Recover My Files" program. This was an unsuccessful attempt to recover Kelley's 2014 email.

Ryan Kelley's laptop was examined again on August 21, 2015, by the Mayer Network analyst. The analyst turned the laptop on at least once and created a virtual copy of the hard drive. The analyst formed the impression that 213,248 files had been removed (cut/pasted/deleted), that 90% of the removals occurred between August 3 and 19, 2015, and that the deletions were likely email. The estimate of removed files is not well supported. Although the analyst also formed the impression that someone ran a "shredder" program to ensure that deleted data could not be recovered, this impression is not based on sound analysis. The analyst also formed the impression that a 2014 archive folder never existed in Microsoft Outlook and found a number of

other deletions from 2012, 2013, and 2015. The analyst could not recreate the steps identified by Marc Woolsey as the manner in which Kelley's email was overwritten. The analyst also formed the opinion that the data may be retrievable from a backup.

At some point, Marc Woolsey modified his opinion as to the particular steps Kelley took when the 2014 emails were deleted from the laptop.

John Mallery examined Kelley's laptop and external hard drives in October, 2015. He determined that data integrity was not maintained because the laptop was used by the Woolsey companies and Mayer Networks. Mallery investigated the suggestion that someone had used a "shredder" program or data destruction/wiping tool on the laptop and could not substantiate that claim. Mallery was able to recover approximately 6000 email messages sent or received in 2014. The messages can be reproduced on request.

A listing of the recovered email was provided to plaintiff's counsel on November 3, 2015.

### III.   Analysis

Plaintiff has satisfied the elements needed for sanctions for spoliation of evidence. The Woolsey corporations had a duty to preserve some of the 2014 emails on Kelley's laptop and backup: those pertaining to a survey for resources underlying plaintiff's property. Woolsey breached that duty by (1) failing to take reasonable steps to preserve Kelley's emails, (2) misrepresenting the manner in which the data was lost, (3) misrepresenting that the lost data could not be recovered, and (3) using the laptop in May and August, 2015. The breach may not have been intentional but it was primarily the fault of the Woolsey defendants. Plaintiff was minimally harmed by the breach. Plaintiff was eventually able to obtain the missing information, but only after initiating an analysis from the Mayer Networks. Plaintiff has not identified specific relevant

documents that could not be obtained as a result of Mr. Mallery's retrieval efforts. In these circumstances, the requested sanction (striking defendants' pleadings) is excessive.

### IV. Conclusion

IT IS RECOMMENDED that the motion (Doc. No. 37) be GRANTED in part and DENIED in part. The Woolsey defendants should be directed to compensate plaintiff for the reasonable attorney fees and other expenses incurred in obtaining 2014 email from the Kelley laptop pertaining to 3-D geophysical seismic survey of petroleum resources underlying plaintiff's property. If this recommendation is adopted, a deadline should be set for plaintiff to file a detailed affidavit of its reasonable fees and expenses.

**SUBMITTED:** April 28, 2016.

    s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**