IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

J&JB TIMBERLANDS, LLC,

      Plaintiff,

vs.

WOOLSEY ENERGY II, LLC and
WOOLSEY OPERATING COMPANY, LLC,

      Defendants.

Case No. 14-cv-1318-SMY-RJD

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Stay Litigation Pending Arbitration (Doc. 3). The motion has been fully briefed and the Court held a hearing on the motion on May 15, 2015. The Court also made its tentative rulings on the record on November 30, 2016 (See Doc. 55). Consistent with the Court's tentative rulings, for the reasons that follow and as detailed on the record, Defendants' motion is **GRANTED** in part and **DENIED** in part.

### Background

Plaintiff originally filed its Complaint in the Second Judicial Circuit Court, Franklin County, Illinois. Defendants removed the action to this Court based on diversity jurisdiction (Doc. 2). Plaintiff, the owner of certain surface property located in Franklin County, seeks compensatory and punitive damages as a result of actions taken by Global Geophysical Services ("Global"), under the direction of Defendants during a seismic survey conducted on Plaintiff's property (Doc. 2-1, p. 5-6).

Plaintiff asserts that the property was purchased as a relatively undisturbed, pristine floodplain forest for its unique characteristics and for the purposes of wildlife conservation and

outdoor recreation and investment.  *Id.*, p. 4.  Global's work included entering the surface of the property, drilling and setting explosive charges under the surface of the property.  *Id.*, p. 5.

Plaintiff alleges that despite promises by Defendants to instruct field representatives to limit traffic and cause as little surface damage as possible, the work caused "extensive, measurable, long-term habitat loss and tree and plant damage…Rutting and other damage to the forest floor which will require years to restore."  *Id.*, p. 5, Exhibit B.  Plaintiff further alleges that "trails once available for recreational access are severely damaged" and that, due to the negligence of Defendants' agents and employees, the land's scenic, aesthetic, recreational and market values are diminished.  *Id.*

The reservation of mineral rights in a prior deed of conveyance provides that the Grantor shall pay for damages caused by mineral extraction activity, and that if no agreement on the amount of damages is reached within ninety (90) days, "the amount of damage shall be determined by arbitration" (Doc. 4, Exhibit B, p. 9-11).  Defendants filed the instant Motion to Stay Litigation Pending Arbitration pursuant to the Federal Arbitration Act ("FAA") arguing that the FAA authorizes this Court to enforce the arbitration provisions of Plaintiff's deed.

Plaintiff argues that the FAA does not apply and that the Illinois Uniform Arbitration Act should not be applied as an alternative to the FAA because the arbitration provision of the deed requires a 90-day period for voluntary settlement as a condition precedent and Defendants have refused to negotiate.  Plaintiff further argues that, because the FAA does not apply, this case should be remanded because an Illinois state court would be better suited to determine if the reservation imposing arbitration in Plaintiff's deed— a reservation expressed in a prior deed of conveyance but not expressly referenced in Plaintiff's deed—is enforceable.

**Discussion**

Plaintiff holds a Trustee's Warranty Deed dated June 28, 2010 by which William E. Puckett II, as Trustee of Rainbow Land Trust, conveyed and warranted to Plaintiff certain parcels of real estate (Doc. 3, Exhibit 1). Following a description of conveyed easements and a retained easement in favor of Grantor for ingress and egress, the deed provides:

> EXCEPTING AND RESERVING the coal, oil, gas, methane gas, casing head gas, or other minerals underlying the same and all rights and easements in favor of the owner of the mineral estate or of any party claiming by, through or under said estate, situated in Franklin County, Illinois.

The deed contains a section entitled "ALSO SUBJECT TO" which lists various other rights of way and easements, the last of which reads at number seven: "Reservations contained in a Warranty Deed recorded October 24, 1990 as Document No. 90-5829 to William E. Puckett, II as Trustee … [of] the Rainbow Land Trust."

These provisions are the only references to reservations contained in the prior deed of conveyance. That prior deed of conveyance (Doc. 3-2), by which Finite Resources and two other entities granted the surface only to William E. Puckett, II, contains a lengthy clause reserving the mineral estate. The portion of the clause upon which Defendants rely states:

> Grantors their heirs, successors and assigns shall conduct any and all mineral exploration, development, mining, transportation, and related activities in a workmanlike manner and shall pay for all actual damages caused by such mining activities to any improvement on the surface of the lands and/or to any improvements or crops; *such actual damages shall be determined by agreement of those parties Grantee who are owners of the surface estate on the date of this deed, their successors and assigns; provided that if no agreement is reached within ninety (90) days, the amount of damage shall be determined by arbitration*. Surface owner, Grantees, and

Grantors shall each select a competent and disinterested arbitrator having expertise in damage evaluation, and the two arbitrators so selected shall select a third arbitrator (emphasis added).

As an initial matter, Plaintiff's suggestion that an Illinois state court would be better suited to determine whether or not the arbitration clause at issue is enforceable is without merit. This case is before the Court based on diversity jurisdiction and the issues of diversity of citizenship and amount in controversy are undisputed. Thus, the Court is required to apply Illinois substantive law -- including property and contract law -- and is capable of doing so. Therefore, the Court will not remand the case to state court.

That said, Interstate commerce is a necessary basis for application of the FAA. 9 U.S.C. §2. The United States Supreme Court has construed the phrase broadly to include matters "affecting commerce," and has determined that Congress intended to utilize its powers to regulate interstate commerce to its full extent. *Allied–Bruce Terminix Cos. v. Dobson,* 513 U.S. 265 (1995). More specifically, the Supreme Court has stated "Congress' Commerce Clause power 'may be exercised in individual cases without showing any specific effect upon interstate commerce' if in the aggregate the economic activity in question would represent 'a general practice ... subject to federal control.' " *Citizens Bank v. Alafabco, Inc.,* 539 U.S. 52, 56–57 (2003) (quoting *Mandeville Island Farms, Inc. v. Am. Crystal Sugar Co.,* 334 U.S. 219, 236, (1948).

Plaintiff's activity in purchasing the Illinois property from Wisconsin and having tax bills sent to Wisconsin, where its members are citizens, demonstrates that Plaintiff engaged in interstate commerce by purchasing and managing the property from out-of-state. As such, the FAA applies.

"To compel arbitration, a party need only show: (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Zurich American Ins. Co. v. Watts Industries, Inc*. 466 F.3d 577, 580 (7th Cir. 2006), *citing Zurich Am. Ins. Co. v. Watts Indus., Inc.,* 417 F.3d 682, 690 (7th Cir. 2005), and *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.,* 174 F.3d 907, 909 (7th Cir. 1999). Thus, to compel Plaintiff to arbitrate, Defendants must first show that Plaintiff is bound by an enforceable arbitration agreement. Whether or not a company is bound to arbitrate is a matter to be determined by the Court on the basis of the contract entered into by the parties." *Zurich* at 691, *citing AT & T Tech., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 649 (1986).

State law applies to determine the validity and enforceability of a contract and "'traditional principles' of state law allow a contract to be enforced by or against nonparties to the contract through "assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel," *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629-31 (2009) (citing *Perry v. Thomas,* 482 U.S. 483, 493 (1987); 21 R. Lord, Williston on Contracts § 57:19, p. 183 (4th ed.2001)).

Here, there is no dispute that both deeds of conveyance are valid, enforceable contracts. There is also no dispute as to the incorporation of the reservation of mineral rights by reference in Plaintiff's deed. The dispute surrounds the enforceability of the arbitration clause that sets forth the procedures for determining damages when the owner of the mineral estate exercises its right to enter the surface property. Under Illinois general contract law, the arbitration clause is binding as to Plaintiff because it is incorporated by reference along with the reservation of mineral rights.

Plaintiff contends, however, that because the arbitration clause is a contract within a deed conveying real property, the Court must look to Illinois property law to determine if the arbitration clause is enforceable as a covenant binding on successors. Specifically, Plaintiff asserts that the arbitration clause is not binding because an agreement to arbitrate is a personal covenant that does not run with the land. In determining whether a covenant runs with the land in Illinois, "a court looks to whether: (1) the grantee and the grantor intended the covenant to run with the land; (2) the covenant touches and concerns the land; and (3) there is privity of estate between the party claiming the benefit and the party resting under the burden of the covenant." *Bank of Am., N.A. v. Cannonball LLC*, 12 N.E. 3d 841, 847-48 (Ill. App. 2014) (citing *Streams Sports Club, Ltd. v. Richmond,* 457 N.E.2d 1226 (1983)).

Plaintiff concedes that it is in direct vertical privity as a successor to the original surface owner grantee (Doc. 8, p. 5). It is also evident from the language of the reservation that the original parties intended for successors to be bound by the covenant: "such actual damages shall be determined by agreement of those parties Grantee who are *owners of the surface estate on the date of this deed, their successors and assigns…*" (Doc. 3-2, p. 9-10, emphasis added). The question that remains is whether the reservation, including the arbitration clause, touches and concerns the land and is therefore binding on successors.

"A covenant touches and concerns the land if it affects the use, value, and enjoyment of the property." *Bank of Am.*, 12 N.E. 3d at 848. Fees and other financial covenants that contribute to maintenance or other use of land have been found to run with the land. *Id* (citing *Streams Sports Club, Ltd. v. Richmond,* 457 N.E.2d 1226 (1983)). A reservation of the right to repurchase land has also been found to touch and concern the land where it was related to the

occupation and ultimate enjoyment of the land by way of potentially re-joining a parcel to its original 30-acre tract. *Drayson v. Wolff*, 661 N.E. 2d 468, 493 (Ill. App. 1996).

Here, the reservations provision which includes a covenant to pay for damages to the surface of the land obviously affects the use, value and enjoyment of the land and, therefore, touches and concerns the land. The arbitration clause sets forth the procedure by which the damages referenced in the reservations will be determined. There is no basis for separating out or severing the arbitration clause from the reservations provision in fact or effect.

Plaintiff's reliance on *Martin v. City of O'Fallon*, 283 Ill.App.3d 830 (5th Dist. 1996) in support of its argument that arbitration agreements are personal and do not run with the land is unavailing. The arbitration agreement in *Martin* was contained in a collective bargaining agreement and was not interpreted under Illinois property law. Accordingly, the arbitration clause is enforceable as to Plaintiff.

Further, the provision triggering arbitration if no agreement as to the damages is reached within 90 days was satisfied. The parties' respective arguments center around the actions taken and not taken in the 90-day period. However, the arbitration clause does not require that the parties take specific steps or any steps at all during that period. Rather, arbitration is triggered merely by the passage of time, which did occur in this case.

However, based on the plain and unambiguous language of the reservations and arbitration clause, the arbitration clause is enforceable only with respect to claims to damages to improvements or crops. Plaintiff's Complaint also alleges, based on a voluntary undertaking by Defendant, claims for the diminution of property value and the cost of repairs to unimproved property as a result of damage sustained to the surface of the property. These claims are not subject to the arbitration agreement and may continue to be litigated in this Court.

Accordingly, Defendants' motion is GRANTED as to Plaintiff's claims for actual damages to improvement and crops only and the instant action is STAYED as to those claims pending arbitration.  The motion is DENIED as to Plaintiff's claims for damages to the surface property.

**IT IS SO ORDERED.**

**DATED:  January 30, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**